IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELTON LEE MILLER                                                                                    PLAINTIFF

V.                                            CIVIL NO. 4:15-cv-04087

JOHN FELT; SANDRA DAUZAT;
and ASHLEY VAIL
                                                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Melton Miller filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 8, 2015.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1. **BACKGROUND**

Plaintiff is currently an inmate of the Arkansas Department of Correction - Ouachita River Unit.  In Plaintiff's Complaint, he named John Felt, Sandra Dauzat, and Ashley Vail all of the Arkansas Parole Board as Defendants.  Plaintiff claims (1) he was arrested and sentenced back to prison under his alias rather than his correct name, and (2) he was denied the right to confront the

1

witnesses against him during his parole hearing. Plaintiff is suing Defendants in their individual capacity only. Plaintiff requests compensatory and punitive damages for these claimed violations.

**2. APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**3. DISCUSSION**

Plaintiff's claim regarding his arrest and incarceration under an alias is a challenge to his parole revocation and incarceration. The Eighth Circuit Court of Appeals applies the favorable-termination rule of *Heck v. Humphrey,* 512 U.S. 477 (1994), to parole revocation claims. *See Newmy v. Johnson,* 758 F.3d 1008 (8th Cir. 2014). In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486–87. In his Complaint, Plaintiff specifically seeks damages for his parole revocation and incarceration, but he did not make any allegations that his parole revocation and incarceration have been overturned by the State of Arkansas. A section 1983 claim that would

necessarily imply the invalidity of his confinement is premature if the confinement is not first called into question by the appropriate state or federal remedy. *Id.*; see also *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (the plaintiff's section 1983 claim for denial of parole was dismissed because the plaintiff did not first challenge his continued confinement through the appropriate state or federal remedies); *Newmy v. Johnson,* 758 F.3d at 1011-12 ("[T]he Eighth Circuit . . . has interpreted *Heck* to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence.") (internal quotations omitted). Thus, Plaintiff's claim is not a cognizable claim under section 1983.

Plaintiff's due process claim regarding deficiencies in his parol revocation hearing, however, should remain.

**4. CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's claim that he was arrested and sentenced to prison under an alias be **DISMISSED** and that Plaintiff's due process claim regarding the denial of his right to confront witnesses to remain for further resolution.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of November 2015.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE