IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELTON LEE MILLER                                                                           PLAINTIFF

v.                          Civil No. 4:15-cv-04087

JOHN FELT; SANDRA DAUZAT;
And ASHLEY VAIL                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Melton Lee Miller originally submitted this *pro se* action for filing on September 8, 2015. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before me on a Motion to Dismiss (ECF No. 16) filed by Defendants John Felts and Ashley Vailes[1]. Plaintiff has filed a Response and a Supplement to Response (ECF Nos. 19, 20).

### BACKGROUND

Plaintiff is currently an inmate of the Arkansas Department of Correction - Wrightsville Unit in Wrightsville, Arkansas. ECF No. 18. Defendant John Felts is the Chairman of the Arkansas Board of Parole. Defendant Ashley Vailes is an Administrative Law Judge at the Arkansas Board of Parole. Plaintiff alleges his constitutional rights were violated because the documents relating to his parole revocation had his first name misspelled by one letter ("Milton"

---

[1] Defendants state in their Brief in Support of Motion to Dismiss (ECF No. 17) that no one by the name of Sandra Dauzat, the other named Defendant, has ever been employed at the Parole Board. The Court also notes the correct spelling of Defendants' last names are "Felts" and "Vailes".

1

instead of "Melton") and he was denied the right to confront the witnesses against him at his parole hearing. ECF No. 1. Pre-service, this Court dismissed Plaintiff's claim regarding the spelling of his name for failure to state a claim, leaving only his claim he was denied the right to confront witnesses for resolution. ECF No. 10.

Defendants Felts and Vailes have moved to dismiss the case against them on the following grounds: (1) Plaintiff has failed to state a constitutional claim for which relief can be granted under Fed. R. Civ. P. 12 (b)(6); (2) Defendants are entitled to absolute immunity from suit; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants also assert that a dismissal in this matter should be counted as a "strike" for purposes of 28 U.S.C. § 1915 (g).

## APPLICABLE LAW

Fed. R. Civ. P. 12 (b)(6) provides that a motion to dismiss should be granted on a plaintiff's claim if he "fail[s] to state a claim upon which relief can be granted." A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). In determining whether to dismiss this action under Rule 12 (b)(6), the Court will assume the facts alleged in Plaintiff's Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 738 (8th Cir. 2002).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The

deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## DISCUSSION

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983. According to Plaintiff, his parole was revoked on July 9, 2015 and Defendant Vailes was the presiding judge during the hearing. ECF No. 1. Plaintiff's only remaining claim – that he was not permitted to confront witnesses against him - is directly related to his parole hearing and decision. It is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole as required for a due process claim. *Hamilton v. Brownlee,* 237 Fed. Appx. 114 (8th Cir. 2007).

In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions…" *Id* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Without a protectable liberty interest there is no due process claim. *Id.* At 886.

Even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claim he was not permitted to confront witnesses against him could possibly result in the invalidity of his parole revocation. In *Campbell v. Williams,* 2011 WL 1576367 (E.D. Ark. 5:10-CV-00321) Arkansas of Correction inmate James Campbell brought a 42 U.S.C. § 1983 action against the parole board hearing examiner and a parole officer, alleging, among other things, he was not permitted to confront witnesses against. United States District Judge Susan Webber

3

Wright held, "Success on the merits of that claim could invalidate Mr. Campbell's parole revocation. As a result, this claim fails." *Id.* At *2 (citing *Wilkinson v. Dotson,* 544 U.S. 74, 83, 125 S.Ct. 1242, 1248 (2005) (a prisoner must bring a parole challenge in a habeas action "if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")). The Eighth Circuit Court of Appeals summarily affirmed Judge Wright. U.S. Court of Appeals Case No. 11-2140, August 15, 2011.

Plaintiff is barred from bringing such claims until his parole revocation is invalidated by the highest state court or in a federal habeas proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Finally, the law is clear that Defendants Felts and Vailes are immune from suit. Parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. *See Anton v. Getty,* 78 F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1996) (*per curiam*).

## CONCLUSION

Accordingly, I recommend Plaintiff's Complaint (ECF No. 1) be dismissed against all Defendants John Felts, Ashley Vailes, and Susan Dauzat. I also recommend this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **12th day of July 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE